**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VAN L. HALE,

        Plaintiff – Appellant,

v.

ALLIED INSURANCE; NATIONWIDE
INSURANCE; and JOHN DOES 1-3,

        Defendants - Appellees.

No. 10-8095
(D.C. No. 2:09-CV-245-NDF )
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **GILMAN**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.[†]

## I.  BACKGROUND

Van L. Hale, a Wyoming resident, was severely injured in an all-terrain vehicle

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

[†] Honorable Ronald Lee Gilman, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

(ATV) accident on March 28, 2009. The accident occurred when Hale and his family were riding ATVs on the "Fins and Things" trail in the Sand Flats Recreation Area near Moab, Utah. The Fins and Things trail is on land owned by the federal government and managed by the Bureau of Land Management (BLM). While on this trail, Hale's group reached a steep (nearly vertical) "slick rock" embankment appearing to be five or six feet high. One rider in his group was having difficulty getting his ATV to scale the embankment. Hale assisted by sitting on the front rack of the ATV, thereby serving as a counterweight to keep it from overturning. As the ATV ascended the embankment, it either suddenly gained traction or the driver accidently accelerated. This sudden movement ejected Hale from his perch on the ATV. Without him as a counterweight, the ATV flipped and landed on him at the bottom of the embankment. He suffered serious injuries as a result.

At the time of the accident, the ATV was not registered in either Utah or Wyoming and was not covered by a liability policy. But Hale had a motor vehicle insurance policy from Nationwide[1] for his four automobiles. The policy included uninsured motorist and medical payments coverage. However, uninsured motorist coverage excluded accidents involving "any vehicle or equipment . . . [d]esigned mainly for use off public roads while not upon public roads." (Aplt. App. at 93.) The policy did not include a definition for "road." Reasoning the ATV was designed for off-road use and the trail was not a public road, Nationwide denied Hale's claim.

---

[1] Nationwide Mutual Insurance Company owns Allied Mutual Insurance Company. Since they refer to themselves collectively as Nationwide, we do as well.

Hale filed a complaint against Nationwide in the U.S. District Court for the District of Wyoming. The district court agreed with Nationwide's rationale for denying Hale's claim and, upon its motion, entered summary judgment in Nationwide's favor. Hale appeals.

## II. DISCUSSION

In contending the district court erred, Hale makes two arguments as to why he was entitled to benefits under his policy. First, the accident occurred on a public road. Second, even if the accident did not occur on a public road, he is entitled to compensation under Wyoming law governing uninsured-motorist coverage. We conclude the accident did not occur on a public road and decline to consider Hale's second argument.

We review a summary judgment de novo. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). A moving party is entitled to summary judgment when "there is no genuine dispute as to any material fact" and the undisputed facts entitle the party to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and an issue "is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). We view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *Id.*

Because this is a diversity case, we apply the substantive law of the forum state,

Wyoming.[2] *See Cooperman*, 214 F.3d at 1164. We "must ascertain and apply [Wyoming] law to reach the result the Wyoming Supreme Court would reach if faced with the same question." *Id.* Under Wyoming law, our main aim is to effect the intentions of the parties, as expressed in the language employed in their policy. *See Aaron v. State Farm Mut. Auto. Ins. Co.*, 34 P.3d 929, 933 (Wyo. 2001). We give the words of the policy "their common and ordinary meaning." *Id.* "The parties have the right to employ whatever lawful terms they wish and courts will not rewrite them." *Id.*

A. The Insurance Contract

Even though Hale's policy does not define "public road," it nevertheless distinguishes between public roads and terrain suitable only for specially designed vehicles. The policy's language excludes coverage for accidents involving vehicles "designed mainly for use off public roads while not upon public roads." (Aplt. App. 93.) Necessarily excluded from the category of "public roads" are many of the paths and trails for which ATVs are especially suited, by design[3] and, in this case, use.

The "Fins and Things" trail, which Nationwide aptly describes as an "obstacle course," is just such a place.[4] It is steep, slick, and dangerous — barely passable, even for

---

[2] The district court applied Wyoming law in its analysis of Nationwide's motion for summary judgment. Neither party quarrels with that decision.

[3] Hale acknowledges an ATV is designed for use off of public roads.

[4] The BLM does not call the area a road. Rather, the BLM's Visitor Guide, which shows both roads and trails, calls the trail where Hale was injured the "Fins and Things 4x4 Trail." (Aplt. App. 107, 121.) Likewise, the Grand County Sherriff's Office described "Fins and Things" as a "4X4 trail" in its incident report. (Aplt. App. 141-42). Yet the name of the trail is not dispositive on its own, because, as Hale points out, a trail

4

vehicles, like ATVs, *designed* for off-road use.  The Sand Flats Recreation Area visitor's guide calls the trail "hazardous" and recommends it "only for experienced drivers." (Aplt. App. 114, 121.)  Another document in the record describes the trail as nearly impassable:

> Most of the trail is slick rock but there is some loose deep sand.  One steep sand hill near the beginning of the trail will give some vehicles problems if it is very dry.  There are several steep ups and downs on slick rock that give definition to the "daring" mentioned in the description of the 3 1/2 trail rating this trail carries.  Frenchie's Fin and Ken's Climb are about as steep as can be done.  Drivers with near stock vehicles and little experience are well advised to take the bypass at Ken's Climb.

(Aplt. App. 180.)  Yet another document confirms the treacherous conditions present on the trail:

> A giant sandstone roller coaster with perfect traction, enabling incredibly steep climbs and descents.  Absolutely beautiful area.  Extremely steep climbs and descents over tire-blackened slickrock.  Assistance may be needed at steepest points.  For advanced riders only.  Make sure you wear a helmet.  Easy to get lost.

(Aplt. App. 184.)  Of record is a photograph showing the ATV attempting to scale the embankment, dramatically illustrating the rigors of the "trail."   (The photograph is reproduced in the appendix and can be viewed at http://www.ca10.uscourts.gov/ opiniondata/10-8095-1.jpg.)  To ascend the embankment, the nearly vertical ATV requires the aid of one person at the front and another behind.  Accentuating the obvious, the Grand County Sherriff's Office's incident report noted that ATVs struggle to climb the embankment.  Because the trail is barely passable even for vehicles "designed mainly

---

could be viewed as a kind of road.

for use *off* public roads," it is not a public road.  It is, indeed, an obstacle course.[5]

B. <u>Wyoming Law</u>

According to Hale, even if his policy does not explicitly cover his accident, Wyoming law requires insurers providing uninsured-motorist coverage to cover accidents involving uninsured ATVs.  In his view, uninsured-motor vehicle coverage is a statutory requirement, *see* Wyo. Stat. Ann. § 31-10-101, and the state's motor vehicle code explicitly includes "off-road recreational vehicle" in its definition of a "motor vehicle." Wyo. Stat. Ann. § 31-1-101(a)(xv)(K).  Therefore, Hale concludes, all Wyoming motor vehicle policies which include uninsured motor vehicle coverage must cover accidents involving "off-road recreational vehicles" such as the ATV that landed on him.

Because Hale did not make this argument to the district court, we decline to consider it.  *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) (declining to consider issue presented for first time on appeal).

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[5] Because the insurance policy can be understood only as excluding the "Fins and Things" trail from the category of public roads, definitions of "public road" from extrinsic sources are not necessary for our analysis.  *See Aaron*, 34 P.3d at 933 ("The intention of the parties is the primary consideration and is to be ascertained, if possible, from the language employed in the policy . . . .").  There well may be trails that are indistinguishable from roads. As this "trail" is clearly not one of them, we need not ponder the imponderable.

6

# APPENDIX

The following photograph depicts the embankment where the accident occurred.

(Appellee App'x 1.)  (http://www.ca10.uscourts.gov/opiniondata/10-8095-1.jpg)

