NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ASHLEY E. LEFFLER, <br><br> Defendant-Appellant. | No.    16-35516 <br><br> D.C. No. 3:15-cv-00027-JWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted August 16, 2017[**]
Anchorage, Alaska

Before:  GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant Ashley E. Leffler was injured in an ATV accident that

occurred while she was driving through an unpaved ditch situated between a paved

roadway and a paved bike path.  Leffler was insured by Plaintiff-Appellee Country

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Mutual Insurance Company (Country Mutual) at the time the accident occurred. Her policy provided $100,000 of Uninsured Motorist (UM) coverage and $25,000 of Medical Payments (MP) coverage. Leffler appeals from the district court's order holding that she was not entitled to coverage under the UM and MP provisions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Leffler is not entitled to coverage under the UM provision. Coverage is triggered only if Leffler's accident occurred on a "public road." The policy does not define that term, so we must ascertain its meaning under Alaska law. In Alaska, "[i]nsurance policies are construed in such a way as to honor a lay insured's reasonable expectations." *State Farm Mut. Auto. Ins. Co. v. Dowdy*, 192 P.3d 994, 998 (Alaska 2008). "In order to determine the reasonable expectations of the parties, we look to [1] the language of the disputed policy provisions, [2] the language of other provisions of the insurance policy, [3] relevant extrinsic evidence, and [4] case law interpreting similar provisions." *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1223 (Alaska 2000).

a. Two textual features shed light on what a reasonable insured would expect the term "public road" to mean. First, Leffler agrees that an ATV does not fit within the policy's general definition of "motor vehicle" because an ATV is not "designed for use principally on public roads." This definition suggests that the off road areas where ATVs are designed principally to be used do not count as "public

2

roads."

Second, the UM provision excludes from the term "motor vehicle" a "farm-type tractor or self-propelled equipment designed principally for use *off* public roads," but "only while the tractor or equipment is not *on* public roads." (emphasis added). In other words, this provision is meant to exclude from coverage the risks normally attendant to the use of off road vehicles in their ordinary place of usage (off road areas). It correspondingly provides coverage when off road vehicles are used in less risky environments, like typical roadways.

Both provisions suggest that a layperson would understand the term "public road" to exclude the off road terrain on which tractors and ATVs were designed to be used. Given that understanding, Leffler's accident could not have occurred on a "public road" because the ditch is suitable only for ATVs and snow machines, not ordinary vehicular traffic.

b. The term "'public road' . . . is not defined [] in Alaska statutes or regulations." *Sowinski v. Walker*, 198 P.3d 1134, 1144 (Alaska 2008). Leffler therefore offers as extrinsic evidence only her self-serving declaration that "[b]y [her] perception, [the] wreck occurred upon a public road." This evidence is entitled to little weight in our analysis. *See State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1047 (Alaska 1996) ("[S]ince most insureds develop an expectation that every loss will be covered, the reasonable expectation doctrine must be limited

3

by something more than the fervent hope usually engendered by loss." (internal quotation marks omitted)). Leffler concedes as much.

c. Alaska case law does not define the term "public road." The district court therefore looked to persuasive authority and concluded that a reasonable insured would understand "public road" to exclude terrain that is suitable only for specially designed vehicles like ATVs. We agree. *See Hale v. Allied Ins.*, 465 F. App'x 757, 759–60 (10th Cir. 2012) (unpublished); *Gittings v. Am. Family Ins. Co.*, 888 P.2d 1363, 1365–69 (Ariz. Ct. App. 1994); *Leski v. State Farm Mut. Auto. Ins. Co.*, 116 N.W.2d 718, 721–22 (Mich. 1962). Moreover, *Sowinski*—the sole case that Leffler invokes for support— was interpreting the word "public"; it does not shed light on the meaning of "road." *See* 198 P.3d at 1143–44.

In sum, the textual evidence and relevant case law indicate that a reasonable insured would understand the term "public road" to exclude terrain that is suitable only for specially designed vehicles like ATVs. Given that understanding, Leffler's accident did not occur on a "public road," and she therefore is not entitled to coverage under the UM provision.

2. Leffler is not entitled to coverage under the MP provision. Coverage is triggered only if Leffler was riding in a "non-owned vehicle." A "non-owned vehicle" is "a land *motor vehicle*" not owned by the insured. (emphasis added). A land "motor vehicle" is a "vehicle designed for use principally on public roads."

Leffler concedes, however, that the ATV was designed principally for *off* road use. Given that admission, the ATV does not fit within the policy's definition of a "motor vehicle," and therefore does not qualify as a "non-owned vehicle" under the MP provision.

**AFFIRMED.**